J-S56038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY COTTMAN | : | |
| | : | |
| Appellant | : | No. 1386 EDA 2020 |

Appeal from the PCRA Order Entered June 29, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004176-1999

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED:  DECEMBER 31, 2020**

Gregory Cottman (Cottman) appeals *pro se* from the order entered denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Delaware County (PCRA court).  Cottman challenges the legality of his sentence.  After our thorough review, we affirm.

**I.**

We take the following factual and procedural histories from our independent review of the certified record.  On April 20, 2000, a jury convicted Cottman of Robbery, Theft by Unlawful Taking, Conspiracy and Possession of

_____

[*] Retired Senior Judge assigned to the Superior Court.

a Firearm Without a License. The charges related to Cottman's robbing of an undercover Upper Darby Police Detective and confidential informant at gunpoint during the purchase of illegal narcotics.[1] On June 6, 2000, the court sentenced Cottman to a term of incarceration of not less than 66 nor more than 216 months for the Robbery conviction, a consecutive term of not less than 36 nor more than 180 months for Conspiracy to Commit Robbery, and a consecutive term of not less than 14 nor more than 84 months on the Possession of a Firearm Without a License conviction, resulting in an aggregate term of not less than nine years, eight months nor more than 40 years' incarceration. The Theft by Unlawful Taking and Conspiracy to Commit Theft by Unlawful Taking conviction merged for sentencing purposes. The court denied Cottman's post-sentence motion requesting that it reconsider the sentence because it was imposed upon consideration of information contained in the Pre-Sentence Investigation (PSI) report that conflicted with his version of events. (*See* Motion to Reconsider Sentence, 6/06/00, at 1). This Court affirmed[2] his judgment of sentence on June 21, 2001, and the Pennsylvania Supreme Court denied further review on November 20, 2001. (***See***

_____

[1] 18 Pa.C.S. §§ 3701(a)(2), 3921(a), 903(a) and 6106(a)(1), respectively.

[2] On direct appeal, Cottman challenged the sufficiency of the evidence to support his Robbery conviction, not the issue raised in his post-sentence motion. (***See Commonwealth v. Cottman***, No. 2666 EDA 2000, unpublished memorandum at *5 (Pa. Super. filed 6/21/01).

***Commonwealth v. Cottman***, 779 A.2d 1215 (Pa. Super. 2001), *appeal denied*, 790 A.2d 1013 (Pa. 2001)).

Eighteen years later, on December 30, 2019, Cottman filed a *pro se* Application for Modification and Reconsideration in which he argued that his sentence, although "well within the statute," is excessive and illegal. (Application for Modification/Reconsideration, 12/30/19, at Paragraphs 8, 14). Specifically, he claimed the aggregate sentence violates the Sentencing Guidelines, was in retaliation for him not taking the plea deal offered by the Commonwealth, and was not supported by the record. (***See id.*** at Paragraphs 8, 11, 14, 15). The court denied the motion on January 2, 2020, as an untimely post-sentence motion that raised a discretionary and not a legality issue as alleged by Cottman.[3] (***See*** Order, 1/02/20, at 1 n.1 & 2). Cottman did not appeal the court's order.

On January 17, 2020, Cottman filed a *pro se* first PCRA petition in which he argued that the court's imposition of consecutive sentences resulted in an aggregate sentence that "was manifestly excessive, unreasonably harsh, outside of the recommended sentencing guidelines, not imposed in accordance with the currently established precedent[,] imposed in retaliation

_____

[3] The PCRA opinion reflects that Cottman's Application for Modification/Reconsideration was filed on December 13, 2019, and that the court treated it as a PCRA petition. (***See*** PCRA Court Opinion, 7/17/20, at 1-2). However, we are relying on the court's docket and review of the record for our recitation of the procedural history.

for not accepting a negotiated plea agreement previously offered," failed to consider mitigating factors, and violated the Sentencing Code, which he recently discovered by talking to an inmate and doing research at the prison law library. (*See* PCRA Petition, 1/17/20, at Paragraphs 16, 19-22, 25).

Appointed counsel filed a *Turner*/*Finley*[4] letter and application to withdraw on April 16, 2020. On May 14, 2020, the PCRA court provided Cottman with Rule 907 notice of its intent to dismiss the petition without a hearing and granted counsel's application. *See* Pa.R.Crim.P. 907. It formally dismissed Cottman's PCRA petition as untimely with no exception proven on July 1, 2020. He timely appealed.[5] No Rule 1925(b) statement was ordered, but the court filed an opinion on July 20, 2020. *See* Pa.R.A.P. 1925.

## II.

### A.

As a preliminary matter, we note that Cottman's PCRA petition appears to be an attempt at a "second bite at the apple" where he raised similar claims in his Application for Modification/Reconsideration that the court denied as

_____

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

[5] "We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. We will not disturb the findings of the PCRA court unless there is no support for those findings in the record." *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa. Super. 2019).

untimely only two weeks prior to the PCRA petition's filing. Moreover, we concur with the Commonwealth's observation that although Cottman frames his PCRA petition as raising an illegal sentence claim, his arguments go to the discretionary aspects of his sentence. (*See* Commonwealth's Brief, at 7, 9); (PCRA Petition, at Paragraph 21); *see also Commonwealth v. Prisk*, 13 A.3d 526, 532 (Pa. Super. 2011) ("[A]llegation of excessiveness due to imposition of consecutive sentences implicates discretionary aspects of sentencing.") (citation omitted); *Commonwealth v. Robinson*, 931 A.2d 15, 21 (Pa. Super. 2007) (claim of vindictiveness implicates discretionary aspects of sentence); *Commonwealth v. Lee*, 876 A.2d 408, 411 (Pa. Super. 2005) (claim that sentence is manifestly excessive goes to discretionary aspects of sentencing); *Commonwealth v. Archer*, 722 A.2d 203, 209 (Pa. Super. 1998) (*en banc*) ("[M]isapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence."); *Commonwealth v. Cruz-Centano*, 668 A.2d 536, 545 (Pa. Super. 1995), *appeal denied*, 676 A.2d 1195 (Pa. 1996) (claim that sentencing court failed to consider certain mitigating factor implicates the discretionary aspects of sentence).

It is well-settled that "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super.2007), *appeal denied*, 944 A.2d 756 (Pa. 2008); *see also Commonwealth v. Wrecks*, 934 A.2d 1287, 1288 (Pa. Super. 2007) ("Requests for relief with respect to the discretionary aspects of

sentence are not cognizable in PCRA proceedings.") (citation omitted). Hence, Cottman is not entitled to any relief under the PCRA.

Furthermore, even if Cottman's claim were cognizable, it would not merit relief.

**B.**

Cottman argues that his sentence is "illegal" because it is "manifestly excessive, outside the guidelines, not in conformity with the mandated procedural requirements of 42 Pa.C.S. § 9721(b) and in excess of the statutory maximum when consecutively aggregated." (Cottman's Brief, at 7). He concedes that his petition is untimely. (**See id.** at 8);[6] [7] **see also Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) ("A PCRA petition, including a second or subsequent one, must be filed within one year of the

_____

[6] Cottman's judgment of sentence became final on February 18, 2002, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. **See** Sup.Ct.R. 13. Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timeliness exception applied. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Accordingly, Cottman's current petition, filed on December 30, 2019, 17 years past the deadline, is untimely on its face unless he pleads and proves one of the statutory exceptions to the time-bar.

[7] Cottman also maintains that the PCRA timeliness requirements do not apply to this matter because his issue challenges the legality of his sentence. (**See** Cottman's Brief, at 15). However, it is well-settled that, "[a]lthough legality of the sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. Super. 1999) (citation omitted). Moreover, as we noted above, Cottman's claim challenges the discretionary, not illegal, aspects of his sentence.

date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1).") (citation and footnote omitted).

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. **See Jones**, **supra** at 17. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Cottman maintains that the discovery of previously unknown facts exception to the PCRA time-bar applies to this case. (**See** Cottman's Brief, at 4, 8-11, 14). Specifically, he alleges that "his recent exploration of the institutional law library made available to him advised him that the maximum sentence he received of 40 years was statutorily illegal." (**Id.** at 11); (**see also id.** at 14) (stating he discovered that his sentence was illegal "while he was speaking with another inmate in the Institutional Law Library at the institution in which he is currently confined."). This claim fails.

We acknowledge that:

> "[T]he presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners. …"
>
> "Accordingly, consistent with the statutory language, in determining whether a petitioner qualifies for the exception to the

- 7 -

PCRA's time requirements pursuant to subsection 9545(b)(1)(ii), the PCRA court must first determine whether 'the facts upon which the claim is predicated were unknown to the petitioner.' … After the PCRA court makes a determination as to the petitioner's knowledge, it should then proceed to consider whether, if the facts were unknown to the petitioner, the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records."

*Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017) (emphasis omitted).

Instantly, Cottman does not argue that he lacked access to the prison law library. (*See* Cottman's Brief, at 8-16). He merely states that he discovered that his sentence was illegal when speaking to another inmate there and that he then researched the issue. (*Id.* at 11, 14). He provides no argument that he exercised either due diligence in discovering "facts" about his sentence or why, in the nearly 20 years since his sentence was imposed, they remained unknown until speaking with another inmate and thereafter doing research. (*See id.* at 8-16).

Accordingly, even if relief under the PCRA were available to Cottman, we agree with the PCRA court that he has failed to prove an exception to the PCRA time-bar. *See Velazquez*, *supra* at 1149.[8]

_____

[8] Even if Cottman were entitled to PCRA relief and had proved a timeliness exception, his issue would lack merit. We discern no manifest abuse of discretion in the court's decision to impose consecutive sentences that resulted in an aggregate term of not less than nine years and eight months nor more than 40 years where the court possessed a PSI report and was aware of all facts of the incident in which Cottman robbed an undercover police officer

J-S56038-20

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/20

---

and confidential informant at gunpoint during an illegal narcotics buy. **See Commonwealth v. Austin**, 66 A.3d 798, 809 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) ("Sentencing is vested in the discretion of the trial court and will not be disturbed absent a manifest abuse of that discretion.") (citation omitted). Hence, his issue would lack merit.

- 9 -